UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-21092-Civ-COOKE/BANDSTRA

FIRST GLOBAL CORP.,

    Plaintiff

vs.

MANSIANA OCEAN RESIDENCES, LLC,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AS TO COUNT III**

THIS CASE is before me on the Plaintiff's Motion for Summary Judgment on Count III of the Amended Complaint. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Plaintiff's Motion for Summary Judgment is granted as to Count III of the Amended Complaint.

**I. BACKGROUND**

This is an action for rescission and damages brought pursuant to the Interstate Land Sales Act ("ILSA"), 15 U.S.C. §§ 1701–1720, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute Sections 501.201–501.213. The Plaintiff, First Global Corporation, entered into a pre-construction purchase agreement to buy a condominium unit from the Defendant, Mansiana Ocean Residences, LLC, on April 26, 2006. (Pl.'s Stmt. of Material Facts ¶ 10, ECF No. 17).[1] The condominium unit was within the Solis Resort and Spa

---

[1] The facts set out in Plaintiffs' Statement of Material Facts are deemed admitted to the extent that they are supported by evidence in the record, since Mansiana did not file an opposing statement of facts controverting Plaintiff's statement. S.D. Fla. L.R. 7.5(D); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

Residences Project, located in Sunny Isles Beach, Florida. (*See id.* ¶¶ 1-3). The Solis Project consisted of 134 or 135 residential units. (*Id.* ¶ 4). Mansiana did not register the Solis Project with the Secretary of Housing and Urban Development. (*Id.* ¶ 9). Mansiana did not provide First Global with a property report in advance of the signing of the purchase agreement. (*Id.* ¶ 13). Mansiana did not include a provision in the land-sale contract notifying First Global that if it did not receive a property report before signing the contract, then it had a right to revoke the agreement within two years from the date of the signing. (*Id.* ¶ 26).

First Global moved for summary judgment as to counts I and II of the Amended Complaint, arguing that Mansiana did not comply with the requirements of the ILSA. On May 27, 2010, I granted First Global's motion for partial summary judgment. (Order Granting Pl.'s Mot. for Partial Summ. J., ECF No. 42). I found that the undisputed facts of this case established that because "the Solis Project was not exempt from the provisions of the ILSA, Mansiana was in violation of the ILSA when it (a) did not register the Solis Project with the Secretary of Housing and Urban Development; (b) did not provide [First Global] with a property report in advance of the signing of the purchase agreement; and (c) did not include a provision in the land-sale contract notifying [First Global] that if it did not receive a property report before signing the contract, then it had a right to revoke the agreement within two years from the date of the signing." (*Id.* at 8).

## II.  LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court "must view all evidence and make all reasonable inferences in favor of the party opposing

summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).

### III.  DISCUSSION

#### A. *Plaintiff's Claim For Violation of the Florida Deceptive and Unfair Trade Practices Act*

"[T]he [ILSA] is an antifraud statute utilizing disclosure as its primary tool . . . to protect purchasers from unscrupulous sales of undeveloped home sites, frequently involving out-of-state sales of land purportedly suitable for development but actually under water or useful only for grazing." *Winter v. Hollingsworth Properties, Inc.*, 777 F.2d 1444, 1446-47 (11th Cir. 1985). "The underlying purpose of the [ILSA] is that prior to the purchase the buyer must be informed of facts which would enable a reasonably prudent individual to make an informed decision about purchasing the . . . property." *Santidrian v. Landmark Custom Rances, Inc.*, No. 10-11375, 2010 WL 5065256, at *2 (11th Cir. Dec. 12, 2010).

Under Florida law, a plaintiff alleging a FDUTPA violation must prove: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Third Party Verification, Inc. v. Signatureline, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007). "An act is considered to be deceptive or unfair where the act is 'likely to deceive a consumer acting reasonably under the circumstances . . . .'" *Parr v. Maesbury Homes, Inc.*, No. 09-1268, 2009 WL 5171770 at *7 n.11 (M.D. Fla. Dec. 22, 2009) (quoting *Office of Attorney Gen., Dep't of Legal Affairs v. Wyndham Int'l, Inc.,* 869 So.2d 592, 598 (Fla. Dist. Ct. App. 2004)).  A violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate for a FDUTPA claim. Fla. Stat. § 501.203(3)(c) (2010).

First Global argues that a violation of the ILSA constitutes a *per se* violation of the FDUTPA, and for this reason summary judgment should be granted on count III.  Mansiana

responds that, based on my ruling, it only violated the registration and disclosure requirements of the ILSA, and not the anti-fraud provisions of the Act. (Def.'s Mem. In Opp'n to Pl.'s Mot. for Summ. J. 3-4, ECF No. 52). Mansiana's reasoning fails because, as its essence, the ILSA is an antifraud statute. *See Stein v. Paradigm Mirasol, LLC*, 586 F.3d 849, 853 (11th Cir. 2009) ("The [ILSA] utilizes disclosure as its primary tool to discourage fraud."). The registration and disclosure requirements do not exist in a vacuum, but serve to further the antifraud purpose of the Act. Accordingly, Mansiana's violation of the ILSA constitutes a *per se* violation of the FDUTPA.

### B. *Damages Available To the Plaintiff*

In a lawsuit for a violation of section 1703(a) of the ILSA, a "court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable." 15 U.S.C. § 1709(a). "Although 15 U.S.C. § 1703(c) only permits the purchaser to revoke the contract 'within two years from the date of signing such contract,' 15 U.S.C. § 1711 specifically provides a three year statute of limitations to recover for violation of § 1703(a)." *Princeton Homes, Inc. v. Virone*, 612 F.3d 1324, 1328 n.1 (11th Cir. 2010). Accordingly, a damages award consisting of the deposit paid to Mansiana is available to First Global. Recession, however, is not an available remedy because First Global filed its lawsuit more than two years after executing the purchase agreement. As Mansiana notes, as a practical matter, the remedies of recession and damages have the same result, namely to return the Plaintiff's deposit money. (Def.'s Supp. Mem. Regarding Remedies 3, ECF No. 54).

### IV. CONCLUSION

For the reasons explained in this Order, and in my Order Granting Plaintiff's Motion for Partial Summary Judgment (ECF No. 46), it is **ORDERED and ADJUDGED** the Plaintiff's

Motion for Summary Judgment on Count III of the Amended Complaint (ECF No. 46) is

**GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of January 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*